UNITED STATES of America

v.

Francisco TORRES.

No. EP–08–CR–1697–KC.

United States District Court,
W.D. Texas,
El Paso Division.

Dec. 15, 2008.

J. Brandy Gardes, Assistant U.S. Attorney, El Paso, TX, for United States of America.

Erik Anthony Hanshew, Federal Public Defender, El Paso, TX, for Francisco Torres.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATHLEEN CARDONE, District Judge.

On December 5, 2008, this Court held a bench trial in the above-captioned cause. Defendant Francisco Torres ("Defendant") was present and represented by counsel.

After reviewing the evidence and the parties' arguments, the Court has determined that Defendant is **GUILTY** beyond a reasonable doubt of violating 18 U.S.C. § 2250. In accordance with Federal Rule of Criminal Procedure 23(c), the Court enters these Findings of Fact and Conclusions of Law with respect to Defendant.

## I. PROCEDURAL HISTORY

On June 11, 2008, a Grand Jury sitting in El Paso, Texas, returned a single-count Indictment charging Defendant with failure to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250. *See* Indictment (Doc. No. 25).

On July 7, 2008, Defendant filed a Motion to Dismiss Indictment. *See* Def.'s Mot. to Dismiss Indictment (Doc. No. 33). That Motion argued that the Indictment violated the Constitution and the Administrative Procedure Act, and that the Indictment was insufficiently pleaded. *See generally id.* This Court, on August 21, 2008, entered an Order Denying Defendant's Motion to Dismiss Indictment. *See United States v. Torres,* 573 F.Supp.2d 925 (W.D.Tex.2008) (Doc. No. 42). After considering each of the arguments raised in Defendant's Motion, this Court held that the Indictment does not violate the Commerce Clause, does not violate Defendant's due process rights, does not violate the Ex Post Facto Clause, does not violate the separation of powers doctrine as an impermissible delegation of legislative authority, does not violate the Tenth Amendment, does not violate the Administrative Procedure Act, and was sufficiently pleaded. *See id.*

The parties in this case have jointly filed a Stipulation of Facts. *See* Stipulation of Facts (Doc. No. 55). Additionally, both Defendant and the Government have filed trial memoranda. *See* Def.'s Trial Mem. (Doc. No. 56); Gov't's Resp. to Def.'s Trial Mem. (Doc. No. 57). On December 5, 2008, at Defendant's trial, the parties reiterated the legal arguments in their memoranda, and did not controvert their Stipulation of Facts or offer any additional facts for the Court's consideration.

## II. FINDINGS

The following facts derive from the parties' Stipulation of Facts, which are uncontroverted, and the exhibits contained therein. *See generally* Stipulation of Facts.

In March 1999, Defendant was convicted of one count of sodomy of a child under the age of twelve in violation of Article 120 of the Uniform Code of Military Justice, and one count of committing indecent acts

upon a child under the age of sixteen, in violation of Article 134 of the Uniform Code of Military Justice. In December 2004, Defendant was released from the custody of the Federal Bureau of Prisons. That month, Defendant signed a form with the El Paso Police Department acknowledging that he had a lifetime sex-offender registration requirement under which he must, inter alia, update his registration every 90 days and which extended to Texas and any other state where Defendant chose to work.

In June 2007, Defendant signed a second form additionally acknowledging that he had to update his registration within seven days of when his name, physical health, or job status would change; and that he had to register with the applicable agency of any other state where he would work within ten days of beginning the job. After signing this form, Defendant reported a change in his job status to a welder with American Eagle Brick ("AEB"). Although AEB's factory had an entrance road in Texas, the factory itself was located in New Mexico, where Defendant failed to register.

Additionally, in January 2008, Defendant began employment on Fort Bliss, Texas, and did not notify the El Paso Police Department of this employment within the time stated in his June 2007 registration form. Finally, from June 2006 until July 2007, Defendant was employed at Wal-Mart in El Paso, Texas, and did not notify the El Paso Police Department of this employment within the time stated in his June 2007 registration form.

### III. CONCLUSIONS

Title 18, United States Code, § 2250 states, in relevant part:

> Whoever ... (1) is required to register under [SORNA]; (2) is a sex offender as defined for the purposes of [SORNA] by reason of a conviction under Federal law (including the Uniform Code of Military Justice [ ] ) ... and (3) *knowingly* fails to register or update a registration as required by [SORNA,] shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a) (emphasis added).

■ This Court finds that the first two elements are met, as Defendant is a sex offender and is required to register under SORNA. Defendant is a sex offender because he was convicted of a sex offense under the Uniform Code of Military Justice. *See* Stipulation of Facts ¶ 1; 42 U.S.C. § 16911(5) (defining sex offense for SORNA purposes). Because Defendant is a sex offender, pursuant to SORNA, he is required to register in all jurisdictions where he resides or is an employee, and is required to keep his registration current as to the information required by the jurisdiction where he must register. *See id.* § 16913(b)-(d); *see also* 28 C.F.R. § 72 (declaring SORNA retroactive to sex offenders convicted before enactment of SORNA).

■ Under the third element, the operative mental state is "knowingly." *See* 18 U.S.C. § 2250(a). A person acts knowingly "if he is aware that [a particular result] is practically certain to follow from his conduct, whatever his desire may be as to that result." *United States v. Bailey*, 444 U.S. 394, 404, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). This definition is equally applicable to the failure to do an act. "[U]nless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *Bryan v. United States*, 524 U.S. 184, 206, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998). Under the language of SORNA, a defendant must know that failing to register or

update would result in a failure to register or update. Here, Defendant signed a form acknowledging that he knew that he must register and update his registration. Defendant did not do so. Accordingly, it is clear that Defendant knowingly failed to register or update his registration. However, Defendant argues that this is not enough.

Under Defendant's construction of the third element, the term "knowingly" modifies the phrase "as required by SORNA" such that Defendant must have had knowledge that he was required to register under SORNA. *See* Def.'s Trial Mem. 4–5. Because Defendant was never told that he had to register as a sex offender under SORNA, he argues that he could not be guilty beyond a reasonable doubt of knowingly failing to register under that statute. *Id.* The Government argues that such an interpretation would require a higher mental state than Congress intended. *See* Gov't's Resp. to Def.'s Trial Mem. 7–9. The Government asserts that Defendant must only know that he was required to register as a sex offender, but does not need to know that those requirements are mandated by SORNA. *Id.* at 9–10.

■ This Court notes that while Defendant's argument pertains to the text of SORNA, it closely resembles the due process challenge which Defendant previously raised. That argument was already considered, and the Court will confine its ruling here to the issue of whether Defendant violated SORNA rather than whether Defendant's indictment violates the Constitution. However, for the purpose of keeping these issues distinct, the Court reiterates its prior holding: Criminally punishing a defendant for failure to register when the defendant was generally aware that he was

required to register does not violate the defendant's due process rights. *See Torres*, 573 F.Supp.2d at 945. Therefore, because Defendant knew he had to register as a sex offender, the Constitution does not require that Defendant be given specific notice of his responsibility to register under SORNA. *Id.* The argument which Defendant raises here is whether, by its own terms, SORNA requires that Defendant be given specific notice of his responsibility to register under SORNA.

■ The Court holds that, as set forth in 18 U.S.C. § 2250(a), the term "knowingly" means knowledge that one must register and knowledge that one did not register, but not knowledge that one must register under SORNA.[1] The term "knowingly" generally indicates that the crime requires proof of general intent. *Bailey*, 444 U.S. at 405, 100 S.Ct. 624. "Proof of *general intent* [means proof that] the defendant possessed knowledge with respect to the *actus reus* of the crime" ... *Carter v. United States*, 530 U.S. 255, 268, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000) (emphasis in original); *see also United States v. Feola*, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) (crime of knowingly assaulting federal officer requires that defendant knowingly commit assault but does not require proof that defendant knew victim was federal officer). In this case, the *actus reus* consisted of failing to register and update, and the defendant did so knowing that he was required to register and update. Knowledge of SORNA's requirements is not an act, and nothing else on the face of the statute—such as the use of the term "willingly"—indicates that Congress intended to depart from the requirements of a gen-

1. *See also United States v. DiTomasso,* 552 F.Supp.2d 233, 243 (D.R.I.2008) (analyzing mens rea requirement under statutory language in SORNA to conclude that "knowingly" only applies to failure to register).

eral intent crime. *See, e.g., United States v. Eisenstein,* 731 F.2d 1540, 1543 (11th Cir.1984) (willful violation of a reporting requirement requires proof of defendant's knowledge of reporting requirement and specific intent to commit crime) (quoting *United States v. Granda,* 565 F.2d 922, 926 (5th Cir.1978)); *cf. United States v. Pitrone,* 115 F.3d 1, 6 (1st Cir.1997) "([T]he term 'willfully' ... has been construed to require a showing that the defendant knew his behavior transgressed the law. We decline ... to read [that word] into a statute [if] Congress purposely omitted [it] ...") (citation omitted).

To the degree that courts interpret the mental state element in a criminal statute to apply to more than the act, they do so when "necessary to separate wrongful conduct from otherwise innocent conduct." *Carter,* 530 U.S. at 269, 120 S.Ct. 2159 (internal quotation omitted); *see also United States v. X–Citement Video,* 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) (crime of knowingly dealing in visual depictions of minors engaged in sexually explicit conduct requires knowledge of sexually explicit nature and age of performers). In this case, however, Defendant's conduct was not otherwise innocent. Defendant knew that he was under an obligation to register as a sex offender without reference to SORNA, and that obligation existed independently of SORNA. To the degree that SORNA merely confers federal jurisdiction on otherwise illegal conduct, SORNA does not require that a defendant know that the conduct is illegal under SORNA. *See also United States v. Feola,* 420 U.S. 671, 676–77 n. 9, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) ("[T]he existence of the fact that confers federal jurisdiction need not be on the mind of the actor at the time he perpetrates the act made criminal by the federal statute.").

Defendant also argues that, because the first element of SORNA states that one must be required to register and update under SORNA, the term "as required by SORNA" in the third element must be read to require a defendant's knowledge to avoid reducing it to mere surplusage. Def.'s Trial Mem. at 6. The Court disagrees. The first element states "[w]hoever ... *is required* to register under [SORNA,]" while the third refers to failure act "*as required* by [SORNA]." 18 U.S.C. § 2250(a) (emphasis added). The former refers to the fact that someone is generally required to register, while the latter refers to a person's particular requirements. In effect, the statute is providing both that one must be required to register and must fail to register in the manner required. Accordingly, the term "as required by SORNA" need not be interpreted as modified by the term "knowingly" in order to avoid being construed as surplusage.

Finally, Defendant argues that if SORNA prohibited knowingly failing to register or update a registration without requiring knowledge of SORNA's requirement, the prohibition would be rendered meaningless, as one cannot register without knowing of the existence of a registry. *Id.* at 7. In making this argument, Defendant erects a straw man. If SORNA created its own registry and required sex offenders to register with and update that registry, it would indeed be impossible for a defendant who did not know about SORNA to register under SORNA. However, because SORNA requires registration and updates with the registries of other jurisdictions, *see* 42 U.S.C. § 16912(a), one can know about the duty to register which SORNA imposes while being unaware of SORNA itself. In fact, this is what apparently occurred in the instant case.

In conclusion, the Court finds beyond a reasonable doubt that Defendant was a sex

offender who was required to register and update as a sex offender pursuant to SOR-NA. The Court additionally finds beyond a reasonable doubt that Defendant knew that he did not register as a sex offender. Accordingly, the Court finds Defendant Francisco Torres **GUILTY** of violating 18 U.S.C. § 2250.

**SO ORDERED.**